IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| NICHOLAS WIZENBURG, | Cause No. CV 13-127-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On June 21, 2013, Petitioner Nicholas Winzenburg[1] filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Winzenburg is a state prisoner proceeding pro se.

On July 31, 2013, Winzenburg was advised of what the Court believed his claim to be and why that claim lacked merit. He was also given an opportunity to correct any misunderstanding about the nature of his claim. Winzenburg failed to respond to the Order.

---

[1] Petitioner gives his name as "Winzenburg," "Wizenburg," and "Walker." He is listed by Montana State Prison as "Wizenburg." Because he appears to use "Winzenburg" more often, that is what he is called in the body of this Order. The case was filed under the name "Wizenburg."

1

Consequently, the Court must find that Winzenburg's petition fails to identify a violation of federal law. He alleges, in toto:

> My final judgment wasn't filed until I entered the prison. The paperwork doesn't add up. . . .
> Any help with my paperwork will be appreciated. Time served, the lies, and inconsistency. I've been serving time on this sentence since November 2005.

Pet. (doc. 1) at 4 ¶ 13A, Letter (doc. 1-1) at 1.[2]

The terms of the Order attached to Winzenburg's petition, *see* Order of Revocation, Judgment and Sentence (doc. 1-2), do not show an error on any ground. To discharge his sentence, he must comply with the conditions of his supervision in the community. If he fails to do so, his release can be revoked and he can be sent back to jail and/or re-sentenced. *E.g.*, Mont. Code Ann. §§ 46-18-201(3)(a)(iv), (4), -203.

The federal Constitution mandates credit for time served only where a defendant successfully challenges a conviction or sentence and then is retried or resentenced for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 718 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 798-800 (1989). That is not Winzenburg's situation. He is incarcerated because he committed

---

[2] The letter, incidentally, is addressed to Mr. Line. Mr. Line is not available to help prisoners with their paperwork.

2

theft, he was placed on conditions and released instead of being sent to prison, and he repeatedly failed to comply with those conditions. He has not been retried for theft or resentenced for the purpose of correcting an error in an earlier sentence. His continued incarceration is due to his failure to do what he is required to do.

The petition should be denied for lack of merit. A certificate of appealability is not warranted because Winzenburg has not shown any violation of federal law, much less made a substantial showing of the violation of a constitutional right. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Winzenburg may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date

entered as indicated on the Notice of Electronic Filing. If Winzenburg files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Winzenburg from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Winzenburg must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of September, 2013.

Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge